and the testimony in corroboration in important and material parts, if you so find, with all the other testimony in the case, establishes . defendant's guilt beyoud all reasonable doubt.

If it does not, you should acquit him.

If it does, you should return your verdict according to the facts, which you find are established beyond all reasonable doubt.

And here I call your attention to the fact that in considering the confessions, you are to consider all that was said at the time of making the confessions, so far as disclosed by the evidence. This applies as well to the confession which is claimed was reduced to writing. All that was said by defendant at the time so far as disclosed by the evidence should be considered by you.

While you are to consider all the confessions and each part thereof, and all that was said at the time of making the same, so far as disclosed in evidence, it remains with you to determine what credit, if any, is to be given said confessions and to each and every part thereof.

You are the sole judges of the weight of the evidence, and the credibility of the witnesses. The manner and conduct of the witnesses on the witness, stand contradiction, if any, the reasonableness or unreasonableness of their testimony, corroboration or or want of corroboration, may all be considered by you. The fact, if fact it be, that the reputation of any witness for truth and veracity has been successfully impeached, leaves you, nevertheless, the sole judges of his credibility.

This charge will be sent to your jury room, and you may read it over if you desire. There is a common impression that somewhere in the charge to the jury will be found an intimation of the court of its opinion upon the question at issue. Such is not the case. The jury are the sole judges of the facts, and it is beyond the province of the court to in any manner intimate its opinion as to the facts about to be submitted.

Neither are you to conclude from the fact that upon the close of the testimony offered by the state in chief, the defendant's counsel having made a motion to direct the jury to return a verdict of acquittal, and the same having been overruled, that the court thereby expressed an opinion that defendant is guilty. The law is, that a motion to direct a verdict should not be sustained if there be some evidence tending to support the claim made by the state. Hence, the overruling the motion determined one thing only, to-wit: That this was not a case where the court could hold that there was no evidence tending to support the claim of the state; and the court was not called upon to express an opinion upon the guilt or innocence of the defendant.

The question of the guilt or innocence of defendant is solely for you to decide upon the evidence and the law as given you in this charge.

Defendant cannot be found guilty of any offense unless each one of you is satisfied that he is guilty of such offense beyond all reasonable doubt. Any verdict which you may return must be the verdict of each and every juror.

If you are satisfied beyond all reasonable doubt that defendant is guilty of murder in the first degree, as he stands charged in the second count of the indictment, you will return your verdict in accordance with such finding, and find him not guilty upon the first, third and fourth counts of the indictment.

If you are satisfied beyond all reasonable doubt that defendant is guilty of murder in the first degree, as he stands charged in the count of the indictment, you will return your verdict in accordance with such finding, and find him not guilty as he stands charged in the first, second and fourth counts of the indictment.

If you find defendant not guilty as he stands charged under either the second or third counts of the indictment, but find beyond all reasonable doubt that he is guilty of an inferior degree under either the second or third counts of the indictment, you will so return and state the degree.

If you are not satisfied beyond all reasonable doubt of defendant's guilt, you will say so, and find him not guilty.

You will retire to your jury room, select one of your number to act as your foreman, and when you have agreed upon a verdict, you will have your foreman sign it and you will return with it to the court room.

Marcus Shoup, T. L. Magruder, for the State.

T. E. Scroggy, R. W. Douglas, for defendant.

---

(Franklin County Common Pleas.)

SAMUEL G. GARVIN v. THE CITY OF COLUMBUS.

*Constitutional law—Municipal corporations—Eminent domain—Statutory provisions must be complied with, to appropriate property for street purposes—*

A co-tenant by accepting the money paid into court by the city for lands appropriated by the city for widening a street, thereby estops himself to question the validity of the appropriation proceedings, but his co-tenant is not so estopped by such acceptance of the money by the other, because a part owner can not either by grant or estoppel create an easement in land against his co-tenant.

---

BIGGER, J.:

This action is one for the recovery of real property, the petition being framed in accordance with sec. 5981, of the Revised Statutes, and alleges that plaintiff is the owner and seized in fee simple of certain property located in the city of Columbus, and described as the south half of lot No. 33, of Sullivant's Second Addition to the town of Franklinton, now city of Columbus; that the plaintiff is entitled to the possession of the premises, and that the defendant, the city of Columbus, unlawfully keeps him out of the possession of, and has so kept him out of the possession thereof, since January 30, 1892, of a portion of said premises described as parcel six, a strip of ground off the south side of said lot No. 33, and being $34\frac{30}{100}$ feet wide at the west end thereof and $34\frac{68}{100}$ feet wide at the east end thereof. The plaintiff prays for judgment against the defendant for the recovery of the said strip of land, and also for damages in the sum of five hundred dollars.

The defendant, for answer, denies each and every allegation contained in the petition. Further answering, the defendant alleges that on and prior to the 18th day of August, 1890, one Joseph Quinn, Sr., was the owner of the premises described in the petition; that on said 18th day of August, 1890, the defendant duly passed an ordinance of which the following is a copy, omitting the description of other parcels of land not involved in this case:

"An Ordinance, No. 5732, to widen and extend Rich street 62 feet wide from Gift street to Sandusky street.

"Sec. 1. Be it ordained by the City Council of the city of Columbus, Ohio, That it is deemed necessary to and said council does hereby widen and extend Rich street 62 feet wide from Gift street to Sandusky street.

"Sec. 2. That the said city council hereby condemns and appropriates to the public use for street purposes to widen and extend Rich street 62 feet wide from Gift street to Sandusky street, the following described real estate, to-wit: * * * A strip of ground off the south side of lot No. 33, Sullivant's Addition to Franklinton, being $34\frac{30}{100}$ feet wide at the west end and $34\frac{68}{100}$ feet wide at the east end, owned by Joseph Quinn, Sr.

"Sec. 3. That this ordinance shall take effect and be force from and after its passage and publication, according to law."

It is alleged that this ordinance was published in the Ohio State Journal, a newspaper of general circulation in Franklin county, Ohio, on August 20th and 21st, 1890; that the ordinance went into effect and the premises herein described became the property of the defendant on the 31st day of August, 1890, and that it has been at all times since said date, and now is, the property of the defendant for the uses and purposes aforesaid, and that the plaintiff had notice of all of the aforesaid proceedings. It is then alleged that on June 2, 1891, the defendant began proceedings in the Probate Court of Franklin county, to assess the compensation to be paid for the premises appropriated by the ordinance of August 18, 1890; that thereafter such proceedings were had in the Probate Court that the sum of $800.00 was awarded to the owner of the premises; that on January 29, 1892, the defendant deposited with the Probate Judge of Franklin county, the sum of $800.00 so awarded for the use of the owner of the premises; that thereupon the defendant took possession of the premises, and ever since has been and now is in possession thereof for the uses and purposes for which it was appropriated, and that on January 30, 1892, the Probate Judge paid the said sum of $800.00 to Joseph Quinn, Sr., and Edmund M. Stanley; that the defendant is now the owner of the premises described, and that the plaintiff has no title or interest therein.

The plaintiff replies, admitting the commencement of the proceedings to assess compensation in June, 1891, and that the defendant took possession of the premises and is now in possession thereof, but denies all of the remaining allegations of the answer. The plaintiff then alleges that he became the owner of the premises described by deed from the sheriff of Franklin county of date the 16th of July, 1896, which deed conveyed the property to the plaintiff in fee simple, and that plaintiff is still the owner thereof. The plaintiff alleges that he never received the $800 awarded to the owner of the premises, or any part thereof.

The case has been submitted to the court upon an agreed statement of facts, reserving the question of damages for future determination by a jury. The facts agreed upon are substantially as follows: that the plaintiff, Garvin, is, and was at all times mentioned in the petition, a resident of Portsmouth, Ohio; that the defendant, the city of Columbus, passed the ordinance set out in its answer on August 18, 1890; that the ordinance was published in the Ohio State Journal, a newspaper of general circulation in the county of Franklin, on August 20th and 21st, 1890; that the said ordinance went into effect on the 31st day of August, 1890; that the plaintiff was never given actual notice of the introduction or passage of the said ordinance, and that no other notice was given the plaintiff except that contained in the records of the city council and the publication referred to in the Ohio State Journal; that the title to the real estate mentioned in the petition prior to the 20th day of October, 1890, was in Joseph Quinn, Sr.; that on

the 20th day of October, 1890, the said Quinn and wife, for a valuable consideration, sold and conveyed to Edmund M. Stanley and William Hayden, Sr., the said south half of lot 33, described in the petition, which deed of conveyance was filed in the Recorder's office and recorded on November 23, 1890; that on the 20th day of October, 1890, the said Stanley and Hayden executed a mortgage to plaintiff to secure a promissory note for $1,000 on the premises described, and that this mortgage was filed in the recorder's office and recorded on the 25th day of November, 1890; that the city solicitor of the city of Columbus, filed an application to assess compensation in the Probate Court of Franklin county, on June 2, 1891, and that Joseph Quinn, Sr., et al., were made parties, but neither Stanley and Hayden nor the plaintiff were made parties; that such proceedings were had in the Probate Court, that a jury was impannelled and sworn and that the jury rendered a verdict in favor of Joseph Quinn, Sr., as owner of tract No. 6, for the sum of $800; that the said sum of $800 was deposited by the defendant with the Probate Judge, who, on the 30th day of January, 1892, paid the same to Quinn and Stanley; that the defendant thereupon took possession of the strip of land described in the petition and has been ever since in possession thereof; that the plaintiff was not a party to the action in the Probate Court and did not receive any part of the $800 so awarded; that the plaintiff brought an action in 1896, against Stanley and wife, and Hayden and wife, to foreclose his mortgage; that as a result of the said action the plaintiff recovered on the 17th day of April, 1896, a judgment for $1456.29, and said mortgage was also foreclosed and the premises ordered to be sold and the proceeds applied to the satisfaction of plaintiff's judgment; that the premises were afterwards sold by the sheriff and bid in by the plaintiff for the sum of $484.00, and the sale was confirmed by the court; that in pursuance of the order of the court the sheriff executed and delivered a deed in fee simple to the plaintiff for the said south half of lot 33, of Sullivant's Addition to the town of Franklinton, now city of Columbus.

The plaintiff in this action, as appears from the agreed statement of facts, has a clear title to this property and the right to its possession, unless the city asserts a paramount title. Do the facts disclosed in the agreed statement of facts, show that the city of Columbus has a title paramount to that of the plaintiff and which will defeat plaintiff's action to recover possession of this property?

The right of eminent domain is one which inheres in the sovereignty of the state, but which may be delegated and has been delegated to municipal corporations for the purpose of condemning and appropriating land for street purposes. The city in this case claims that the appropriation of the land was complete upon the passage and publication of the ordinance according to law. No question is made as to the regularity of the passage and publication of the ordinance. The vital question in this case is, as I view it, does the passage and publication of an ordinance such as was passed and published in this case, constitute an appropriattion of the land to public use without more, or are the proceedings in court a necessary and indispensable part of the proceedings to appropriate land for the use of streets? This question does not seem to have been directly presented for decision in any reported case in this state.

The provisions of the constitution upon this subject are contained in the 19th section of Article 1, and the 5th section of Article 13. Sec. 19 of Art. 1, reads: "Private property shall ever be held inviolate but subservient to the public welfare. When taken in time of war or other public exigency, imperatively requiring its immediate seizure or for the purpose of making or repairing roads which shall be open to the public without charge, a compensation shall be made to the owner in money, and in all other cases where private property shall be taken for public use, a compensation therefor shall first be made in money, or first secured by a deposit of money to the owner, irrespective of any benefit from any improvement proposed by such corporation, which compensation shall be ascertained by a jury of twelve men in a court of record, as shall be prescribed by law."

It will be observed that by the terms of sec. 19, of Art. 1, the compensation to be made for private property taken for public use, is not requirred to be made before the property is taken in two case: First, where the property is taken in time of war, or other public exigency, imperatively requiring its immediate seizure, and, second, for the purpose of making and repairing roads which shall be open to the public without charge. So that in so far as the restrictions imposed upon the right of eminent domain by the constitution are concerned, the compensation to be made for land taken for street purposes need not first be made unless the language of sec. 5, of Art. 13, is to be taken as applying to municipal corporations. That it is not to be so applied is decided by the Supreme Court in the case of City of Toledo v. Preston, 50 Ohio St., 361.

But the constitution does not undertake to provide for the mode of procedure to appropriate private property to public use. The constitution simply bounds and limits the exercise of the

right of eminent domain. The mode of procedure to appropriate property to public use, is provided by legislative enactment. While the constitution would permit the appropriation of private property by a municipal corporation for street purposes without first making compensation to the owner, we must look to the statutory provisions upon the subject to determine whether the legislature has provided that private property may be taken without first making compensation. The question under consideration by the Supreme Court, in the case of Toledo v. Preston, 50 Ohio St., 361, was, whether sec. 2321, of the Revised Statutes, which authorizes the postponement of the assessment of damages for injuries to abutting property in the case of street improvements, was a violation of the constitutional limitations upon the exercise of the right to appropriate private property for the use of streets, and the court held that it was not. But there is no such provision of law upon the subject of the appropriation of land for the use of streets. The statutory provisions upon this subject are found in Div. 7, chap. 3, of the law relating of municipal corporations. Sec. 2233, provides for a preliminary declaration by resolution of the council of the intent to appropriate the property. Sec. 2236, related to the application to court, describing the property and the object proposed. Sec. 2337, relates to service of notice upon the owners of the property sought to be appropriated. Then follow the provisions governing the proceedings in court.

It appears from the agreed statement of facts that there was no preliminary resolution declaring the intention to appropriate the property in this case, unless it is to be considered as embodied in the ordinance passed on the 18th day of August, 1890. But that such resolution is not necessary was decided in the case of Tyler v. The City of Columbus, 6 C. C., 224, by the Circuit Court of this county. It was held in that case, that "where a city council deems it necessary to condemn private property for street purposes it must proceed under Revised Statutes, sec. 2642, and no preliminary resolution such as provided in sec. 2235, or 2304, is necessary."

Sec. 2642, provides "When it is deemed necessary by the council of any munici pal incorporation to open, extend, straighten, narrow or widen any street, alley or public highway, within the limits of such corporation, the council shall provide by ordinance for the same. Such ordinance shall briefly and in general terms describe the property, if any, to be appropriated for such purposes; and the proceedings for such appropriation shall be as provided in Chap. 3, Div. 7, of this title."

Now, the proceedings provided in Chap. 3, Div. 7, begin with sec. 2235, which provides for the preliminary resolution declaring the intent to appropriate and which the court held was not necessary. Then following that, the remaining sections of the chapter relate to the proceedings in court. The language of sec. 2642, that the "proceedings for such appropriation shall be as provided in Chap. 3, Div. 7, of this title," must relate to the proceedings in court, and seems to make such proceedings an essential step in proceedings to appropriate private property for street purposes. This legislative intent is further evidenced by the provision of sec. 2642, that the "ordinance shall briefly and in general terms describe the property, if any, to be appropriated" while sec. 2236 provides, that the application to the court "shall describe as correctly as possible the property to be taken." Certainly it was not the legislative intention that private property might be taken against the will of the owner by a brief and general description. It is also to be observed, that sec. 2236 and sec. 2244, refer to the property, not as the property taken, but as the property to be taken. Sec's. 2236 and 2243, refer to it as the property "sought to be appropriated." Throughout the statutory provisions relating to the proceedings in court, the property is referred to as the property to be taken. Furthermore, sec. 2245, provides that where a building stands partly upon the land sought to be taken and partly upon adjoining land, that the title to such building shall be determined by the proceedings in court. Sec. 2248 provides, that the "court may direct the time and manner in which possession of the property condemned shall be taken or delivered." Sec. 2253 provides, that upon prosecution of proceedings in error the court may suspend the execution of any order made in the case pending the proceedings in error and may require a bond for the payment of damages and costs occasioned by such proceedings, and then provides that "in all cases, whether upon error or upon appeal, as provided for in sec. 2254, where the municipal corporation pays or secures by a deposit of money, the compensation assessed by the jury and gives such security as may be deemed adequate to pay any further compensation and all damages and costs which may be thereafter adjudged, the right to take and hold the property condemned shall not be affected by any such review or appeal." It would seem from this language, that the right to take and hold the property did not arise until the compensation had been assessed by the jury.

From the foregoing considerations, it seems clear that the proceedings in court are a necessary part of the steps to be taken by a municipal corporation to appropriate private property for street

purposes. If this be a correct construction of the law, then before the city can hold this property, it must appear that it strictly complied with the statutory requirements upon the subject, because such proceedings being in derogation of the rights of the individual, must be strictly complied with. This was expressly decided in the case of Horbeck v. The City of Toledo. The syllabus of that case is as follows: "The power conferred upon a municipal corporation to take private property for public use must be strictly followed, and therefore, where the statute required the corporation, as a substitute for personal service upon the owners, to publish a copy of the application with a statement of the time and place at which it is to be made, the publication of a notice of the time and place for making the application, describing therein the property and the purpose for which it is to be taken, but not accompanied by a copy of the application, is not a compliance with this statutory pre-requisite, and does not confer upon the court or judge authority to make an order appropriating the lands." The only difference between the statute then in force upon the subject of notice and that now provided by sec. 2237, is, that sec. 2237 only requires the substance of the application to be set out in the notice, while under the statute then in force, a copy of the application was required to be set out and it was for a failure to include in the published notice a copy of the application that the Supreme Court held in that case that there was no valid appropriation of the land, because the court had no jurisdiction. It is true, that at the time of the decision of the case of Horbeck v. Toledo, there was no statute providing for an ordinance as is now provided by sec. 2642, but as I have shown, compliance with this secttion does not seem of itself to be sufficient to constitute an appropriation of the property.

Applying this rule then to the facts of this case, it appears that there was no notice such as is provided in sec. 2237, to the owners of this property. Neither Stanley nor Hayden, who were tenants in common of this land, were made parties in the Probate Court, and the verdict of the jury was in favor of Quinn, as owner of the land, while the facts show that he had no ownership in the land at the time of the proceedings in court. The plaintiff, who held a mortgage upon the land, was not made a party and had no notice of the proceedings. Sec. 2237, requires notice to all the owners of the property sought to be appropriated resident in the state whose place of residence is known and to all others by publication. The deed of Quinn to Stanley and Hayden, was of record, as was also the mortgage of the plaintiff in this action, and was notice

to the city of their ownership of the premises. The plaintiff in this action claims that he was an owner within the meaning of this section at the time of the proceedings in the Probate Court, and cites as authority the decision in Harrison v. The Village of Sabina, 1 C. C., 49, in which case the court held, that "a mortgagee whose mortgage is duly recorded is an owner within the meaning of this section, and is entitled to notice." The city contends, however, that as the proceedings in court were had before the conditon in the mortgage was broken, that the morgagee had no title at that time and, therefore, has no right now to recover possession of the land. The position of the city is, that the plaintiff has mistaken his remedy, and that, if he has any remedy at all, it is an action for damages, and not to recover possession of the land. It is pointed out tnat the rule is, that where land is taken for public use by condemnation and appropriation proceedings, tnat the lien of the mortgage is transferred to the fund arising from such proceedings, and that it is his right to have the money in place of the land, and suggests that his only remedy is, to pursue this fund which it appear was paid to Quinn and Stanley long before he had any knowledge of the appropriation proceedings. But it seems to me that it would be an anamalous proceeding if the city, in a purely ex-parte proceeding, neither the legal nor equitable owners of the land being in court, although known to the city, could assess the compensation and compel the mortgagee to accept a fund so created in lieu of his interest in the land. It is to be observed, too, that the court in the case of Harrison v. The Village of Sabina, did not restrict the right of the mortgagee to notice as is contended by the city. The only condition imposed was, that the mortgage should be recorded, and not that the conditions should be broken. But however that may be, I regard it as unimportant to the decision of this case. The plaintiff in this case by the proceedings in foreclosure, has succeeded to all the rights of Stanley and Hayden in this property. It is probably true, that Stanley by accepting the money paid into court estopped himself to question the validity of the appropriation proceedings, but his co-tenant, Hayden, was not estopped by Stanley's acceptance of the money, because a part owner cannot either by grant or estoppel create an easement in land against his co-tenant. This question is clearly settled in the case of Thomason et ux. v. The City of Dayton. The city, therefore, having obtained no right to an easement against Hayden, cannot assert this right against the plaintiff who has succeeded to all Hayden's rights.

My attention has been called to a de-

cision by Judge Sayler, of the Hamilton county common pleas court, in which he seems to hold that the passage and publication of the ordinance constitutes a complete appropriation of the property and he seems to rest his decision upon the case of Toledo v. Preston. I have already pointed out, however, that the case of Toledo v. Preston, was a case of damages resulting from the improvement of the street to abutting property, and not an appropriation of property for the use of streets, and in that case it is expressly provided that the assessment of damages may be postponed until after the improvement is made. But, clearly, that section only applies to the case of assessment of damages to abutting property resulting from the improvement of streets and alleys.

Upon the other hand, the Superior Court of Cincinnati, at General Term, decided that "the mere fact that city authorities have unlawfully appropriated private property for street purposes, does not estop the owner from recovering possession. Circumstances which would estop the owner in such case from recovering possession of the land would probably constitute a dedication thereof of public use." In the opinion of the court which was delivered by Judge Peck, it is said: "No case has come under our observation where it has been held that as against a public use there could be a right to compensation after the loss of the right to recover the land itself."

I am, therefore, of opinion that the city, not having complied strictly with the provisions of law relating to the appropriation of private property for street purposes, is not entitled to the easement claimed against this plaintiff, and that the plaintiff is entitled to the possession of the land.

Hon. D. J. Ryan and W. H. English, for Plaintiff.

S. N. Owen and E. C. Ervine, for Defendant.